**BI QING CAO, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Eric H. Holder, Jr.,[1] Respondents.**

**No. 07–4170–ag.**

United States Court of Appeals, Second Circuit.

Sept. 1, 2009.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. *is automatically substituted for for-* mer Acting Attorney General Peter D. Keisler as a respondent in this case.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Alison R. Drucker, Senior Litigation Counsel; Robert N. Markle, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES and DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Petitioner, Bi Qing Cao, a native and citizen of the People's Republic of China, seeks review of an August 29, 2007 order of the BIA denying her motion to reopen her removal proceedings. *In re Bi Qing Cao,* No. A 073 600 720 (B.I.A. Aug. 29, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ As a preliminary matter, to the extent that Cao attempts to challenge the merits of the agency's underlying denial of her applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief, that decision is not properly before this Court and we dismiss the petition for review to that extent. *See Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89–90 (2d Cir.2001). Only the BIA's August 2007 decision is before us as that is the only decision from which a petition for review was timely filed. *See* 8 U.S.C. § 1252(b)(1). Additionally, this Court lacks jurisdiction to review the BIA's decision not to reopen Cao's proceedings *sua sponte* under 8 C.F.R. § 1003.2(a), because such a decision is "entirely discretionary." *See Azmond Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006).

Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008).

We find that the BIA did not err in denying Cao's untimely motion to reopen. An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation where the alien establishes materially "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA did not abuse its discretion in denying Cao's motion to reopen as untimely where it was filed almost five years after the agency's final order of removal. *See* 8 C.F.R. § 1003.2(c)(2). Moreover, substantial evidence supports the BIA's conclusion that Cao failed to establish materially changed conditions in China. *See Jian Hui Shao*, 546 F.3d at 169.

We have previously reviewed the BIA's consideration of evidence similar to that submitted by Cao in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Additionally the BIA properly found that the doctor's letter Cao submitted was identical to the one she submitted before the immigration judge ("IJ") in support of her asylum application and, therefore, it did not demonstrate changed conditions. *See Jian Hui Shao*, 546 F.3d at 169.

The BIA also did not err in finding that its decision in *Matter of Y–T–L–*, 23 I. & N. Dec. 601 (B.I.A.2003), was inapposite. In that case, the BIA found that once an applicant demonstrates past persecution by establishing that he or she endured forced sterilization, the IJ errs in finding that the passage of time since that sterilization combined with a lack of enforcement efforts by family planning officials constitutes a "fundamental change" in circumstances rebutting any presumption of a well-founded fear of persecution. *Matter of Y–T–L–*, 23 I. & N. Dec. at 605–07. However, Cao never demonstrated that she suffered past persecution.

Finally, contrary to Cao's argument, the BIA did not err in declining to reopen her deportation proceedings based on her eligibility for adjustment of status because that eligibility would not excuse the untimely filing of her motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3). Accordingly, we conclude that the BIA's denial of Cao's motion to reopen was not an abuse of discretion.

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).